## T. J. Bermingham et al., Appellees, v. Thomas H. Gill, Appellant.

## Gen. No. 5470.

MECHANIC'S LIENS—*when owner of fee not liable.* Where a contract between the owner of the fee and the lessee provides for certain improvements, the interest of the lessor cannot be subjected to a mechanic's lien for other improvements in the absence of any showing that he authorized or consented to the additional work.

Appeal from the Circuit Court of Jo Daviess county; the HON. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1911. Reversed and remanded with directions. Opinion filed October 13, 1911.

HINER, BUNCH & LATIMER, for appellant.

SHEEAN & SHEEAN, for appellees.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

In April 1909, T. J. Bermingham and E. W. Montgomery, doing business under the name of Wm. Hoskins and Co., filed a petition against the Marsden Black Jack Mining Company, hereinafter called the mining company, to establish a mechanics' lien. The petition alleged that the defendant was the owner of certain real estate in Jo Daviess county and that petitioners had at the request of defendant furnished lumber and building material amounting to $2451.50 between April 20th and November 13, 1907, which had been used in improving said real estate. The defendant answered denying that it was the owner of the real estate and stating that it was a tenant at will or by sufferance of Thomas H. Gill, who was the owner.

Thereupon an amended petition was filed making Thomas H. Gill and the Consolidated Zinc Company defendants and alleging that Thomas H. Gill, the owner, had authorized and knowingly permitted the mining company to contract for said lumber and building material for the improvement of the premises and that during all the time said material was being delivered said Gill was a stockholder in said mining company. Gill answered admitting he was the owner of the real estate and that the mining company was his tenant at will or by sufferance, but denying that he had authorized or knowingly permitted the mining company to contract for any lumber or building material for the improvement of said premises, and stating that his title was of record and that the petitioners had notice of his title and that the mining company was a tenant at will with no authority to contract for improvements and that he had no knowledge of such improvement until after the termination of such tenancy. The answer admits that Gill was a stockholder in the mining company but denies that he was either an officer or director in said company. The case was referred to the master who reported the evidence with his conclusions that petitioners were entitled to a lien for the sum

claimed with interest; the court sustained the finding of the master and entered a decree in favor of petitioners.

The evidence shows that Gill was the owner of the described real estate, and that the mining company was in possession of a part of the real estate, and had a contract for the purchase of it upon payment of a certain sum and a certain amount of stock upon conditions which were not carried out and that Gill resumed possession; that Thomas H. Gill resides in Milwaukee, Wisconsin, and did not see the property between March, 1907, and November 4, 1907, when he visited the mine but had no conversation with any one about the improvements; that the mine had been thoroughly equipped prior to 1907, before the mining company took possession; that he did not authorize the mining company or permit it to contract for any improvements and that he had no knowledge or intimation that the mining company was making any improvements and that he held some stock in the mining company in March 1907, but was in no way interested in it. The evidence also shows that the contract for the purchase of the premises is in writing but it was not offered in evidence and that the mining company was let into possession of the premises, not under the contract for purchase, but under a subsequent verbal contract concerning which the evidence offered is very meager.

Where a contract between the owner of the fee and the lessee, provides for certain improvements, the interest of the lessor cannot be subjected to a mechanics' lien for other improvements in the absence of any showing that he authorized or consented to the additional work. Sorg v. Crandall, 233 Ill. 79. To knowingly permit property to be improved is to know that material is being procured for that purpose and the work being done and not to object to it. Wertz v. Mulloy, 144 Ill. App. 329.

There is nothing in the record showing that appellant authorized, knowingly permitted,—knew that the mining company was improving the premises or consented that the mining company should make or contract for any improvements or for any material to be used about the mine. The decree is therefore reversed and remanded with directions to the trial court to dismiss the petition.

*Reversed and remanded with directions.*